IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NEREUS SUTKO,<br><br>Defendant. | 8:19-CR-174<br><br>FINAL ORDER OF FORFEITURE |

    This matter is before the Court on the plaintiff's Amended Motion for Issuance of Final Order of Forfeiture (filing 71) and Motion for Forfeiture Money Judgment (filing 75). The defendant has not responded to either motion.

    On December 27, 2019, the Court entered a Preliminary Order of Forfeiture (filing 47) pursuant to 18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853, based upon the defendant's plea of guilty to health care fraud in violation of 18 U.S.C. § 1347 and admission of the forfeiture allegation contained in the information. Filing 41; filing 45. By way of the preliminary order of forfeiture, his interest was forfeited in a grey 2014 Chevrolet Corvette Stingray Z51 3L, VIN 1GlYL2D76E5106856, purchased on or about April 8, 2019, and a 2006 white/blue Regal 2200 boat, VIN RGMDM131H506. Filing 47. The defendant also admitted in the plea agreement that he received $806,441 in proceeds from the offense of conviction, and he agreed to pay a forfeiture money judgment in that amount. Filing 41 at 4; *see* § 853(p); *United States v. Smith*, 656 F.3d 821, 827-28 (8th Cir. 2011).[1]

---

[1] Neither the motion for final order of forfeiture (filing 71) nor the motion for money judgment (filing 75) refer to the $11,399 in U.S. currency liquidated from a Fidelity Investment Account, held in trust by the defendant's former counsel, that the defendant agreed in the

As directed by the order, a Notice of Criminal Forfeiture was posted beginning on December 31, 2019, on an official Internet government forfeiture site, www.forfeiture.gov, for at least 30 consecutive days, as required by Supp. Admiralty and Maritime Claims R. G(4)(a)(iii)(B). A Declaration of Publication (filing 66) was filed on March 2, 2020. A security interest in the Corvette asserted by Ally Bank (filing 56) was resolved by stipulation (filing 69). The Court has been advised by the plaintiff that no other petitions have been filed, and from a review of the Court file, the Court finds no other petitions have been filed.

IT IS ORDERED:

1. The plaintiff's Amended Motion for Final Order of Forfeiture (filing 71) is granted.

2. The plaintiff's Motion for Forfeiture Money Judgment (filing 75) is granted.

3. A money judgment in the amount of $806,441 is entered against the defendant.

4. Defendant's former counsel is directed to pay the government the $11,399 in U.S. currency he presently holds in trust, and that amount shall be credited to the judgment.

5. The Clerk of the Court shall provide a copy of this order to the defendant's former counsel.

---

plea agreement could be seized and forfeited. *See* filing 41 at 4. But the parties agreed at sentencing that those funds would be paid to the government.

6. All right, title, and interest in and to the grey 2014 Chevrolet Corvette Stingray Z51 3L, VIN 1GlYL2D76E5106856, purchased on or about April 8, 2019, and the 2006 white/blue Regal 2200 boat, VIN RGMDM131H506, held by any person or entity, are forever barred and foreclosed.

7. The Corvette Stingray and Regal 2200 boat are forfeited to the plaintiff.

8. The plaintiff is directed to dispose of the Corvette Stingray and Regal 2200 boat in accordance with law.

9. The U.S. Marshals Service shall pay all costs and expenses related to the storage and sale of the Corvette Stingray and, pursuant to the stipulation between the plaintiff and Ally Bank, shall pay Ally Bank the amount of $13,295.81.

10. After payment of costs and expenses (including storage costs and expenses) relating to the Regal 2200 boat with its trailer, the U.S. Marshals Service shall file with the Court a statement of the net amount realized from the sale of the boat and trailer, so that amount may be credited against the money judgment.

Dated this 23rd day of June, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge